UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELINA FLORES TORRES,<br><br>Petitioner,<br><br>v.<br><br>CAMMILLA WAMSLEY et al.,<br><br>Respondents. | CASE NO. 2:25-cv-02687-LK<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner Angelina Flores Torres's emergency motion for temporary restraining order and stay of removal. Dkt. No. 2.

### I.    BACKGROUND

Flores Torres avers that she is a "a 52-year-old native of Mexico who came to the United States to seek asylum in 2019." Dkt. No. 1 at 2. "She was detained briefly at the border in October of 2019 and paroled to seek asylum in removal proceedings with the issuance of a Notice to Appear." *Id.* In June 2025, Flores Torres "erroneously believed that she did not have to attend" a U.S. Immigration and Customs Enforcement ("ICE") check-in appointment. *Id.* In December 2025, Flores Torres "received a call asking her to check-in to the local ICE office," where she was then "arrested and detained." *Id.* "She remains in ICE custody at the No[r]thwest [ICE] Processing

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 1

Center in Tacoma, Washington." *Id.* Flores Torres claims that she is being held unlawfully because ICE failed to provide her a notice and hearing. *Id.*

On December 23, 2025, Flores Torres filed a petition for writ of habeas corpus, *id.*, along with an emergency motion for temporary restraining order and stay of removal, Dkt. No. 2. She seeks an order "[e]njoining and restraining the Respondents and all of their respective officers, agents, servants, employees, attorneys and persons acting on their behalf in concert or in participation with them" from "[r]emoving or deporting [her] from the United States while these proceedings are pending" or "[t]ransferring [her] from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings[.]" *Id.* at 4. Counsel did not call the Court's emergency filing line to "advise the court that [he] ha[d] filed an emergency motion[.]" LCR 65(b)(3).

On December 28, 2025, the case was randomly assigned to the undersigned judge. On the same day, pursuant to this District's General Order 10-25, the Court issued an order requiring that Respondents provide "at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer" Flores Torres and setting a briefing schedule on her petition. Dkt. No. 3 at 2.

## II.    DISCUSSION

Federal Rule of Civil Procedure 65 empowers the court to issue a TRO. Fed. R. Civ. P. 65(b). Like a preliminary injunction, a TRO is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Washington v. Trump*, 847 F.3d 1151, 1159 n.3 (9th Cir. 2017) (the standards applicable to TROs and preliminary injunctions are "substantially identical"). The Court will not "mechanically" grant an injunction for every violation of law. *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 313 (1982). Instead, plaintiffs seeking a TRO must establish that (1) they are "likely to succeed on the merits," (2) they

are "likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in [their] favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20. The mere "possibility" of irreparable harm is insufficient; instead, the moving party must "demonstrate that irreparable injury is likely in the absence of an injunction." *Id*. at 22.

Here, Flores Torres has not made the required showing that she is "likely to suffer irreparable harm in the absence of preliminary relief." *See Winter*, 555 U.S. at 20. Her motion states only that she is "at risk of being arbitrarily transferred out of state, away from her father, siblings, and children who she lives with in Central Washington" because four of her counsel's clients "have been transferred out of state without cause or warning." Dkt. No. 2 at 2. This, without more, does not support an inference that *she* is likely to be transferred to another state. This speculation is not enough to establish that imminent harm is likely. *See, e.g., Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) (holding that because an injury is not imminent "but rather may occur at some indefinite time in the future, the injury does not support injunctive relief"). Finally, Flores Torres's motion is completely devoid of any argument or evidence that she is at risk of imminent removal. *See generally* Dkt. No. 2.

Because Flores Torres has not shown that imminent harm is likely, the Court cannot grant the "extraordinary remedy" she requests. *See Winter*, 555 U.S. at 24. Moreover, the Court's December 28, 2025 Order requiring Respondents to provide Petitioner with notice prior to transfer adequately addresses the concern that Flores Torres may be transferred "without cause or warning." Dkt. No. 3 at 2.

### III.    CONCLUSION

For the reasons stated above, Flores Torres's request for a TRO preventing removal or transfer, Dkt. No. 2, is DENIED for failure to establish imminent injury.

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER - 3

Flores Torres's counsel is DIRECTED to review this District's General Order 10-25, which overlaps with the relief sought in the TRO motion. General Order 10-25 "is intended to provide a prompt resolution to habeas petitions that should reduce the contemporaneous filing of motions for temporary restraining orders[.]" W.D. Wash. Gen. Ord. 10-25 at 3 (Dec. 18, 2025), *available at* https://www.wawd.uscourts.gov/general-orders-current. To that end, the Order provides that, in immigration habeas cases, the Court will automatically enter a standard scheduling order that requires the Government to provide at least 48 hours' notice before a petitioner is removed or transferred. *Id.* at 3, 6. Accordingly, "[m]otions for temporary restraining orders should be reserved for matters where the petitioner alleges *imminent, irreparable harm*, such as *imminent removal from the United States*." *Id.* at 3 (emphasis added). Such motions "must meet the requirements of Federal Rule of Civil Procedure 65 and Local Civil Rule 65." *Id.*

Dated this 29th day of December, 2025.

Lauren King
United States District Judge